**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

**EDWIN BACON HALL,** **Case No. 19-10585-j11**
**SSN: xxx-xx-8520**

**Debtor.**

DISCLOSURE OF THOMAS D. WALKER IN SUPPORT OF THE APPLICATION TO EMPLOY WALKER & ASSOCIATES, P.C. AS COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE

I, Thomas D. Walker, hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am an attorney with the law firm of Walker & Associates, P.C. ("W&A"). I am admitted to and practice before the bar in the state of New Mexico, as well as the United States District Court for the State of New Mexico, and the United States Court of Appeals for the Tenth Circuit. I am a member in good standing in each of those bars. I have been licensed to practice law since October 1985 and have practiced substantially in the areas of bankruptcy, insolvency, creditor's rights and debtor-creditor relations since 1987.

2. I am filing this declaration in support of the application of the Unsecured Creditors Committee (the "UCC"), for entry of an order authorizing the employment of W&A as attorneys for the UCC in this Chapter 11 case (the "Application"). To the extent that any information disclosed herein requires amendment or modification upon W&A's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same.

3. This declaration is also submitted as the statement required pursuant to §§328 and 504 of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

4. To the best of my knowledge, information, and belief, after making reasonable inquiry, W&A has no connection with Edwin Bacon Hall (the "Debtor"), the Debtor's creditors, or any other party in interest in this case, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

(a) W&A may represent clients who are adverse to creditors of the Debtor, or who are parties in interest in cases in which creditors of the Debtor also are parties in interest, in matters wholly unrelated to the Debtor or the Debtor's bankruptcy case.

(b) W&A or its employees may subscribe to telephone and other utility services, and may purchase other goods and/or services, from vendors of the Debtor.

5. Compensation paid to W&A for services rendered or to be rendered in connection with this bankruptcy case is to be a reasonable fee, based upon customary hourly rates normally charged to general retainer clients of W&A and customary hourly rates charged within the District of New Mexico.

6. It is contemplated that W&A's services rendered on behalf of the UCC will be compensated at W&A's regular hourly rates for similar services, and W&A will be reimbursed for all reasonable and necessary expenses pursuant to the provisions of §§330 and 331 of the Bankruptcy Code, except as provided below. W&A's current hourly rates for attorneys and paraprofessionals staffed on this bankruptcy case are as follows: $295.00 for Thomas D. Walker and Chris Pierce; and $250.00 for Samuel I. Roybal and Stephanie L. Schaeffer. Law clerks and

paralegals may work on the case at the hourly rates from $75.00 to $125.00 per hour. Hourly rates for attorneys will be charged based on the individual's normal billing rate, legal expertise and experience. W&A reserves the right to change its hourly rates, and will notify the UCC and may obtain any required Court approval in advance of any rate increases before the increase goes into effect.

7. W&A itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at W&A's actual cost. W&A charges for photocopies ($.10 per page), and gross receipts tax on fees and costs. W&A would submit monthly billing statements to the Debtors.

8. W&A will not charge the UCC for any of the following services: secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

9. W&A has not shared or agreed to share with any other person or entity, other than with members, partners, or regular associates or employees of W&A, any compensation paid or to be paid by the UCC in or in connection with this bankruptcy case, as permitted under Code §504(b)(1).

10. No promises have been received by W&A or any attorney or professional of W&A as to payment of compensation in connection with this case in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders. The bankruptcy estate, through the UCC, will be the source of payment of compensation to W&A, subject to court approval. No compensation for legal services rendered and reimbursement of

expenses incurred in representation of the UCC have been promised to W&A from any source other than the Debtor's Estate.

11. W&A requests to be paid by the Debtor monthly, contemporaneously and pro rata with other professionals employed in this matter, upon receipt of W&A's billing statements and prior to the Court's determination of the allowability of W&A's compensation, seventy-five percent (75%) of billed fees and one hundred percent (100%) of reimbursable costs and one hundred percent (100%) of applicable gross receipts tax on fees and expenses that are paid.

12. W&A intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and the Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that W&A incurs.

13. W&A does not have an insider relationship, as "insider" is defined in § 101(31) of the Bankruptcy Code, with any of Debtor's known creditors or any of their known attorneys, to the best of W&A's knowledge, after reasonable due diligence. In connection herewith, W&A performed a review of the connections and relationships between W&A and Debtor's known secured creditors and the Debtor's twenty largest unsecured creditors. In conducting this review, W&A searched its database of clients and opposing parties for the names of the foregoing parties. To the extent that W&A becomes aware of any additional relationships, W&A will promptly file a supplemental declaration.

14. No attorney or other person with W&A is a relative of any Bankruptcy Judge or any United States Trustee, including the Bankruptcy Judge before whom these Chapter 11 cases

are pending and the United States Trustee for this region, as contemplated by Bankruptcy Rule 5002(a). W&A is not aware of any connection with such judge or United States Trustee that would render W&A's employment improper, pursuant to Bankruptcy Rule 5002(b).

15. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, W&A holds no interest adverse to the UCC with respect to the matters for which it is to be employed. Accordingly, I submit that W&A is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code.

16. In the twelve months prior to the filing the Bankruptcy Cases W&A not received any money from the UCC or the Debtor.

17. Based upon the foregoing, I respectfully submit that the requirements for W&A's retention as attorneys for the UCC have been met.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 17, 2019.

Submitted by:

WALKER & ASSOCIATES, P.C.
*s/filed electronically* ______
Thomas D. Walker
500 Marquette N.W., Suite 650
Albuquerque, N.M. 87102
(505) 766-9272
(505) 722-9287 (fax)
*Proposed Attorneys for the Unsecured Creditors Committee.*

Certificate of Service

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 17th day of June 2019, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

*s/filed electronically*
Samuel I. Roybal