UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:  
Edwin Bacon Hall,  
    Debtor.

No. 19-10585-j11

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL FOR CRIMINAL DEFENSE REPRESENTATION

The United States Trustee for Region 20, in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)(3)(B), files this objection to the "Application to Employ Special Counsel for Debtor Re Defense Representation" (Doc. No. 64), and in support therefor states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### BACKGROUND

2. On March 19, 2019, Dr. Edwin Bacon Hall ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The United States Trustee appointed an Unsecured Creditors' Committee on May 8, 2019 (Doc No. 49). On June 17, 2019 the Committee filed an application seeking employment of a law firm, Walker & Associates, to represent it (Docket No. 62). Seven days later, on June 24, 2019, the Debtor filed a motion to convert this case to chapter 7 (Docket No. 68).

4. The Debtor seeks court approval to retain Shammara Henderson, of the law firm of Freedman Boyd Hollander Goldberg Urias & Ward, P.A., ("Henderson") to be his criminal defense attorney in conjunction with criminal investigations and possible criminal prosecutions

to be brought against him by the Attorney General of New Mexico, and possibly by other law enforcement agencies.

5. The Debtor has lost his medical license, is not employed, and has no source of income other than Social Security benefits.

6. Henderson has received a retainer of $75,000, none of which has been spent. Henderson was retained either at the time of or very shortly prior to the filing of the bankruptcy petition in this case.[1]

## GROUNDS AND BASIS FOR RELIEF

Section 327(e) of the Bankruptcy Code authorizes a debtor-in-possession to employ as "special counsel" an attorney who may otherwise not be "disinterested" and eligible for employment under §327(a). Section 327(e) provides as follows:

> The trustee, with the court's approval, may employ, for a special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

The language of § 327(e) sets up a four-prong test for the employment of special counsel. First, the employment may only be authorized for a "specified special purpose" other than "conducting the case." Second, the employment must be of an attorney "that has represented the debtor." Third, the employment must be "in the best interests of the estate." Fourth, the attorney must not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

---

[1] The application indicates that at the time of the filing of this bankruptcy case the Debtor was not indebted to Henderson. (Docket No. 64, at paragraph 8.)

The application fails two portions of the four prong test. As discussed below, Henderson has not previously represented the Debtor, and her employment is not in the best interests of the estate.

First, Henderson did not previously represent the Debtor. Although courts are split on whether §327(e) is limited to situations in which the attorney previously represented the debtor, the majority view is consistent with the literal approach which most courts have adopted in interpreting §327, which imposes an express requirement of prior representation of the debtor. *In re Champ Car World Series*, LLC, 411 B.R. 619, 624 (Bankr. S.D. Ind. 2008) (clear language of section requires prior representation of debtor); *In re J.S. II, LLC*, 341 B.R. 311, 319 (Bankr. N.D. Ill. 2007) (observing that most courts hold that special counsel must have represented the debtor at some point prior to the commencement of the bankruptcy case); *In re Ginco, Inc.*, 105 B.R. 620, 621 (Bankr. D. Colo. 1988); 3 *Collier on Bankruptcy*, §327.04 [9][b], 16th Ed. Such is consistent with the legislative history of §327(e), which recognizes that it "will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that litigation." *In re Abrass*, 250 B.R. 432, 436 (Bankr. M.D. Fla. 2002).

Second - and perhaps more significantly - the employment of Henderson provides no benefit to the bankruptcy estate. The Debtor no longer practices medicine and is otherwise unemployed, so the avoidance by the Debtor of incarceration or some sort of limiting probation would obviously not benefit the bankruptcy estate. Similarly, the expenditure of $75,000 in bankruptcy estate funds for a criminal defense attorney's retainer would also not benefit the bankruptcy estate, and accordingly, should be disgorged to either the debtor-in-possession, or – if this case is converted to chapter 7 - the chapter 7 trustee.

Finally, although this case is currently in chapter 11, it is almost certain to convert to chapter 7 in the very near future. Accordingly, there will no longer be a debtor-in-possession in this case authorized to seek employment of counsel under Section 327 and paid out of estate funds. *See* 11 U.S.C. § 1107(a). Employment of professionals under §327 is limited to applications filed either by a trustee or a debtor-in possession.

## CONCLUSION

WHEREFORE, the United States Trustee requests that this Court deny the Debtor's application to employ special counsel for criminal defense representation, that the $75,000 retainer being held by Henderson be ordered disgorged to the bankruptcy estate, and for such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

Electronically filed 6/26/19
Christopher J. Pattock
Trial Attorney
Office of U. S. Trustee
P.O. Box 608
Albuquerque, NM 87103
(505) 248-6548 (ABQ)
(602) 682-2614 (PHX)
Christopher.J.Pattock@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on JUNE 26, 2019, true and correct copies of the United States Trustee's objection to application to employ special counsel for criminal defense representation was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system. Additionally, a true and correct copy was mailed and sent by e-mail to:

Gerald R Velarde
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027
Email: velardepc@hotmail.com

Thomas D Walker
Samuel I. Roybal
Walker & Associates, P.C.
500 Marquette, NW, #650
Albuquerque, NM 87102
Email: twalker@walkerlawpc.com
Email: sroybal@walkerlawpc.com

                                             s/ Tamara Pardo
                                             TAMARA PARDO, Legal Assistant