# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

IN RE:
**EDWIN BACON HALL, MD**　　　　　　　　　　　No. 11-19-10585 JA
　　Debtor.

## STATE OF NEW MEXICO'S OBJECTION AND JOINDER WITH THE US TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY COUNSEL

THE STATE OF NEW MEXICO, by and through its Attorney General, Hector H. Balderas (James C. Jacobsen and Joseph Yar, Assistant Attorneys General), objects to the *Application to Employ Special Counsel for Debtor re Defense Representation,* filed June 17, 2019 as Doc. 64 ("Application"), by Edwin Bacon Hall, MD ("Debtor") and joins with the *United States Trustee's Objection to Debtor's Application to Employ Special Counsel for Criminal Defense Representation,* filed June 26, 2019 as Doc. 70, stating:

　　1.　　The State of New Mexico Office of the Attorney General ("The State") is investigating the Debtor for civil and criminal violations of law. The State estimates its civil Claim at $273, 733.77, which is reflected in its Proof of Claim, filed May 31, 2019 as Claim 19.

　　2.　　The Application seeks to employ Shammara Henderson of Freeman, Boyd Hollander Goldberg Urias & Ward P.A. "…for representation of debtor in various investigations being conducted by law enforcement agencies…" and states in Paragraph 3 the representation relates to criminal defense representation. Upon information and belief, the Office of the New Mexico Attorney General is the relevant law enforcement agency.

　　3.　　On June 24, 2019, the Debtor filed a motion to convert his case to a case under Chapter 7, Doc. 68. The State believes 11 U.S.C. § 1112(a) gives the Debtor a right

to convert his case to a case under Chapter 7.  The State also believes conversion of the case to a case under chapter 7 renders the Application moot.

4. Bankruptcy Code Section 327(a) allows the trustee (or Debtor in Possession exercising the trustee's powers) to employ one or more attorneys "…to represent or assist the trustee in carrying out the trustee's duties under this title."  Bankruptcy Code Section 327(e) allows a trustee to employ an attorney for "specified special purposes…if in the best interests of the estate."  Defending the Debtor from criminal charges is not required for carrying out the trustee's duties under title 11.  In this instance, defending the Debtor from criminal charges is not a matter of interest to the estate, given the pending conversion to chapter 7.  Additionally, as the United States Trustee notes, the Debtor no longer practices medicine, has no business to reorganize, and contends that his only source of income is Social Security.

5. The Debtor's Estate, and thus ultimately his creditors, is not responsible for funding the Debtor's criminal defense. The benefit is personal to the Debtor; it is not a benefit to the Debtor's estate.  *See, Wooten v. Ravkind, (In re Dixon),* 143 B.R. 671, 678-679 (Bankr. N.D. TX 1992).  The Trustee may hire attorneys to assist in administering the estate and carrying out the Trustee's statutory obligations.  Neither requires criminal defense counsel.

6. The State believes a debtor's criminal defense costs should not be transferred to the debtor's bankruptcy estate. The individual is, and rightfully so, burdened with the costs of criminal defense.  The Court should not authorize the Estate to hire criminal defense counsel when the Court cannot approve payment from the Estate of any fees charged the Debtor.

7. The State concurs with the United States Trustee's observation that the retainer held by prospective criminal defense counsel is property of the Estate, and under 11 U.S.C. § 542, must be turned over to the trustee.

WHEREFORE, The State prays the Court deny the Debtor's *Application to Employ Special Counsel for Debtor re Defense Representation,* filed June 17, 2019 as Doc. 64, and that the Court grant it such other and further relief as the Court deems just and appropriate.

> Respectfully submitted,
> HECTOR H. BALDERAS,
> New Mexico Attorney General
> by:__/s/ Electronically Submitted____
> James C. Jacobsen
> Joseph Yar
> Assistant Attorneys General
> 201 Third Street NW, Suite 300
> Albuquerque, NM 87102
> (505) 717-3527
> (505) 318-1050 (fax)
> jjacobsen@nmag.gov

I CERTIFY that on July 8, 2019 I electronically filed the foregoing with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case received service electronically in accordance with the CM/ECF system on the date of filing. I certify that I mailed the foregoing, first class postage pre-paid, to the following parties, at the addresses listed below: none.

/S/ James C. Jacobsen