In re:   EDWIN BACON HALL,                                                    No. 19-10585-j7

Debtor.

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES AND COSTS IN FAVOR OF CHAPTER 7 TRUSTEE AND AGAINST CLAIMANT LAUREN CHAVEZ FOR VIOLATION OF THE CONSENT TO TRUST CLAIM ADMINISTRATION PROCEDURES**

THIS MATTER is before the Court on the Motion to Enforce and for Sanctions. The Chapter 7 Trustee asserts that the Chavez Motion violates both the Channeling Injunction and the Consent signed by Ms. Chavez in accordance with Procedures approved by the Settlement Order. The Chapter 7 Trustee requests the Court to award attorney's fees and costs for violating the Consent, or, in the alternative, sanctions for violation of the Channeling Injunction.

---

<sup>1</sup> In this Memorandum Opinion and Order the following definitions apply, in addition to other definitions contained in the order:
<u>Channeling Injunction</u> means the channeling injunction set forth in paragraph 10 of the Settlement Order.
<u>Chavez Motion</u> (Doc. 329) means the Motion to Deem Proof of Claim Timely or in the Alternative, Rule that Untimeliness of Proof of Claim does not Prevent Inclusion Among the Distributees of the Hall Medical Claims Trust, or in the Alternative, Provide Relief from Settlement Order Pursuant to Fed.R.Bankr.P. 9024.
<u>Claims (including Claim)</u> is defined on page 2.
<u>Consent</u> means the Consent to Trust Claim Administration Procedures signed by Ms. Chavez in accordance with the Procedures.
<u>Insurance Proceeds</u> is defined on page 2.
<u>Motion to Enforce and for Sanctions</u> (Doc. 336) means the. Motion to Enforce (1) Medical Claims Settlement and Distribution Procedures and (II) Channeling Injunction and for Attorney's Fees and Costs, or in the Alternative, Sanctions.
<u>Notices</u>  means the Notice of Deadline for Filing Objections to Motion for Approval of Medical Claims Settlement, Including Settlement Procedures and Channeling Injunction Including Sale of Capson Policies Free and Clear of Liens, Claims and Interests, filed February 2, 2021 (Doc. 262), and a Supplemental Notice (Doc. 276) filed March 22, 2022.
<u>Procedures</u> means the Medical Claims Settlement and Distribution Procedures approved by the Settlement Order.
<u>Settlement Agreement</u> means the settlement and Purchase Agreement approved by the Settlement Order.
<u>Settlement Order</u> (Doc. 279) means the Default Order Granting Motion for Approval of Medical Claims Settlement, Including Settlement Procedures, Channeling Injunction and Sale of Capson Policies Free and Clear of Liens, Claims and Interests.

For the reasons explained below, the Court will grant the Motion to Enforce and for Sanctions, in part, and award the Chapter 7 Trustee attorney's fees and costs incurred in filing the Motion to Enforce and for Sanctions and in responding to the Chavez Motion in a reasonable, proportionate amount allocable to Ms. Chavez's violation of the Consent under which she waived any right to request a reconsideration or review of the Settlement Order. The Court will deny the Chapter 7 Trustee 's request for sanctions based on alleged violations of the Channeling Injunction.

## PROCEDURAL HISTORY AND FACTS[2]

The Court entered the Settlement Order, which approved the Procedures, on April 19, 2021.[3] The purposes of the Settlement Order and the Procedures approved by the Settlement Order were to: (a) approve a settlement that would generate a total of $2,250,000 of insurance proceeds from three sources ("Insurance Proceeds"); (b) approve the establishments of two trusts and an administrative Fund to which all but $250,000 of the Insurance Proceeds would be transferred; (c) limit (channel) recovery on prepetition claims against the Debtor in connection with his psychiatric medical practice ("Claims")[4] to the two trusts; and (d) establish a claims administration process with an appointed claims administer that (i) required the timely assertion of Claims and compliance with a claims procedure, (ii) specified which allowed Claims were payable from which trust, and (iii) provided a process to settle and pay Claims. The Settlement

---

[2] The parties consented to the Court's consideration of the stipulated facts identified in the Stipulation and Waiver of Evidentiary hearing (Doc. 358) and supporting Exhibits (Doc. 359) in ruling on the Motion to Enforce and for Sanctions and the Chavez Motion, without an evidentiary hearing.
[3] Doc. 279.
[4] The Settlement Order recites that
> Numerous individuals have asserted claims against the Debtor for negligence, medical malpractice in therapy, prescriptions, and abandonment, wrongful death, misrepresentation, unauthorized practice of psychiatric medicine by Debtor E.B. Hall's former employee John Connell, an unlicensed person, billing patients for services performed by Mr. Connell . . . .

Settlement Order, ¶ E.

Order provides for this Court to retain jurisdiction to enforce the Settlement Order and the Procedures. Settlement Order, ¶ 11.

The Procedures require each claimant who will seek to recover money from one of the trusts to execute a Consent.[5] Lauren Chavez signed the Consent.[6] The Consent contains the following provisions:

> <u>Binding Nature of Settlement Creating Trust.</u> I hereby acknowledge and agree that I had sufficient notice of, and opportunity to object to, approval of the *Motion for Approval of Medical Claims Settlement, Including Settlement Procedures, and Channeling Injunction* (the "Settlement Motion"), filed in Case No. 19-10585-ja7 on February 02, 2021, and that I either did not file any objections to the Settlement Motion, or that any objection I filed has been overruled and any applicable appellate deadline has passed. As a result, I acknowledge and agree that the terms of the . . . [Settlement Order] entered in Case No. 19, 10585-ja7 on April 19, 2021 . . . are binding on me. I further irrevocably waive any right I may have to request reconsideration or other review of the Settlement Order.[7]
>
> <u>Attorney's Fees & Costs.</u> In the event any party is successful in enforcing this consent against me, I agree to pay all reasonable attorney's fees and costs associated therewith.[8]

The Settlement Order contains the following Channeling Injunction:

> Pursuant to 11 U.S.C. 105(a) and 11 U.S.C. 363, the following are hereby permanently enjoined: (a) the commencement of new actions against the Debtor or his bankruptcy estate related to or arising from the Debtor's practice of medicine prior to the Petition date, continued prosecution of the Pending Lawsuits,[9] and any other actions by or on behalf of former patient(s) of the Debtor against the Debtor, the Trustee, the Debtor's bankruptcy Estate, or any other Person who may claim to be an insured, named insured, additional insured, or otherwise entitled to any insurance coverage or benefits for any Claims related to or arising from the Debtor's medical practice or the Bankruptcy Case and (b) . . . .[10]

---

[5] *See* Doc. 261-2, p. 3, Section 7.1.
[6] *See* Exhibit 11.
[7] Consent, ¶ 3.
[8] Consent, ¶ 11.
[9] Pending Lawsuits are defined in Paragraph G of the Settlement Order as filed lawsuits seeking prepetition damages for Medical Claims, as defined in Paragraph E. of the Settlement Order.
[10] Settlement Order, ¶ 10. Part (b) of the Channeling Injunction provides:
> the assertion of any Claims or Interests by or on behalf of former patient(s) of the Debtor, or any other Person who may claim to be an insured, named insured, additional insured, or otherwise entitled to any insurance coverage or benefits for any Claims related to or arising

The Consent acknowledges that the Channeling Injunction is binding and enforceable.[11]

Lauren Chavez filed the Chavez Motion on December 9, 2021.[12] The Chapter 7 Trustee filed a response in opposition to the Chavez Motion on December 22, 2021.[13] The Chapter 7 Trustee filed the Motion to Enforce and for Sanctions on the same date.[14] Ms. Chavez filed a response[15] to the Motion to Enforce and for Sanctions, and the Chapter 7 Trustee filed a Reply.[16]

The Chavez Motion requests the following, alternative, forms of relief:

1. Deem her claim as timely filed;[17] or

2. Determine that her failure to file a claim by the claims bar date fixed in the bankruptcy case does not prevent her from participating in distribution with other existing claimants either because the Procedures can be interpreted to provide a later claims deadline than the bankruptcy claims bar date, or because the Notices sent in connection with the approval of the Settlement Order were misleading;[18] or

---

from the Debtor's practice of medicine, specifically including any Claims or Interests relating to or arising from the Debtor's practice of medicine, or the Bankruptcy Case–against MedPro, Capson, NMPCIGA, the State of New Mexico, PCF, the Policies, the Estate, the Trustee, the Debtor, their past, present, and future directors, officers, shareholders, employees, agents, partners, representatives, attorneys, parent and affiliated corporations, subsidiaries, divisions, joint ventures, predecessors, successors, beneficiaries, and assigns, for the purpose of obtaining any recovery from such persons. For the avoidance of doubt this injunction shall not extend to actions taken against the State of New Mexico to obtain reimbursement from Medicare or other government benefit programs, or the release of medical liens.

Part (b) of the Channeling Injunction is not at issue.

[11] Consent, ¶ 5. Paragraph 5 of the Consent provides:
<u>Binding Nature of Channeling Injunction.</u> I explicitly agree that the injunction included in the Settlement Order enjoining all claims and actions against the Settling Parties (the "Channeling Injunction") is binding upon, and enforceable against me. I further affirmatively agree not to later raise any claim that the Channeling Injunction is not binding against me for any reason. I understand that my claims are transferred to the fund created by the Settlement Order and no longer may be made against the Settling Parties.

[12] Doc. 329.
[13] Doc. 335.
[14] Doc. 336.
[15] Doc. 343
[16] Doc. 347.
[17] Chavez Motion, ¶¶ 27–33.
[18] Chavez Motion, ¶¶ 34–45.

3. Alter or amend the Settlement Order pursuant to Fed.R.Bankr.P. 9024 to "conform" the Procedures to those described in the Notices.[19]

The Court held a final, evidentiary hearing on the Chavez Motion and the Motion to Enforce and for Sanctions. At the beginning of the hearing, Lauren Chavez "waived" her third, alternative, request for relief from the Settlement Order. After a recess, Lauren Chavez withdrew the Chavez Motion in its entirety.[20] Lauren Chavez filed a formal withdrawal of the Chavez Motion the following day.[21]

## DISCUSSION

A. *The Chavez Motion does not violate the Channeling Injunction*

Neither party has questioned the enforceability of the Channeling Injunction.[22] The question is whether the Chavez Motion violated the Channeling Injunction. The Chapter 7 Trustee contends that the Chavez Motion violates the Channeling Injunction's prohibitions against commencing "new actions against the Debtor or his bankruptcy estate" and "any other actions by or on behalf of former patient(s) of the Debtor against . . . the Trustee [or] the Debtor's bankruptcy estate . . . ." The Chapter 7 Trustee reasons that because he negotiated and obtained approval of the Settlement Order on behalf of the bankruptcy estate, and because the

---

[19] Chavez Motion, ¶¶ 46–49.
[20] The Settlement Agreement approved by the Settlement Order provides for the establishment of two trusts: one for payment of existing Claims filed by the proof of claim bar date, and a second trust for payment of future claims by persons who did not receive notice or have actual notice in time to timely file a proof of claim in the bankruptcy case. *See* Doc. 261-1, Section 1.16 and 1.17. The parties agreed at the final hearing that Lauren Chavez is still eligible to assert a future Claim under the terms of the Settlement Agreement approved by the Settlement Order.
[21] Doc. 362.
[22] The bankruptcy court has the power to approve a settlement agreement that channels claims that could be made against insurance policies to the proceeds from the settlement consistent with 11 U.S.C. § 363(f) and the bankruptcy court's inherent authority under 11 U.S.C. § 105. *MacAurthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2nd Cir. 1988) ("[T]he Bankruptcy Court had the authority to approve the settlements and to channel claims arising under the policies to the proceeds of the settlement."); *In re Sunland, Inc.*, No. 13-13301-TR7, 2014 WL 7011747, at *5 (Bankr. D.N.M. Dec. 11, 2014) (recognizing that the bankruptcy court may issue a channeling injunctions under § 363(f) and § 105) (citing *In re Dow Corning Corp.,* 198 B.R. 214, 245 (Bankr. E.D. Mich. 1996)).

Chavez Motion seeks relief from the Settlement Order and requests adjudication of her claim as timely, the Chavez Motion initiated a new contested matter against the Chapter 7 Trustee and the bankruptcy estate. The Chapter 7 Trustee asserts further that even though the Chavez Motion does not seek monetary recovery from the bankruptcy estate, the Channeling Injunction is not limited to actions for recovery of money from the estate. The Chapter 7 Trustee also asserts that Ms. Chavez could have filed an action for declaratory judgment against the trustee of the trusts created under the Settlement Agreement in order to avoid the unnecessary involvement of the Chapter 7 Trustee on behalf of the bankruptcy estate in responding to the Chavez Motion.

This Court disagrees that the Chavez Motion violates the Channeling Injunction. The Channeling Injunction prohibits the following:

1. Commencement of "new actions" against the Debtor or the bankruptcy estate;

2. Continuation of any "Pending Lawsuits" defined as existing lawsuits seeking prepetition damages; and

3. "Other actions" against the Debtor, the Trustee, the bankruptcy estate, or persons who may claim to be an insured, named insured, or additional insured, or entitled to insurance coverage or benefits based on claims related to the Debtor's medical practice or the bankruptcy.

Settlement Order, ¶ 10.

Ms. Chavez asks the Court to interpret the Settlement Order and the Procedures approved by that order in light of the Notices, as the Settlement Order and Procedures relate to Ms. Chavez' claim. The issues raised by the Chavez Motion relate to either deeming her claim timely or, based on alleged deficiencies in the Notices, excusing the untimeliness of her claim (if it was untimely); determining whether Ms. Chavez complied with the Procedures; and determining from which trust any payment on the Claim would be made. In the alternative, Ms. Chavez

requests the Court to alter or amend the Settlement Order to conform the Settlement Order to the Notices.

In construing the scope of a Channeling Injunction, the Court should consider its purpose and history and what it was "designed to accomplish." *In re Mid-Valley, Inc.*, No. 03-35592-TPA, 2014 WL 1654538, at *5 (Bankr. W.D. Pa. Apr. 24, 2014) (quoting *Mayor of Vicksburg v. Henson*, 231 U.S. 259, 273 (1913)). The purpose of the Channeling Injunction is to channel prepetition Claims against the Debtor or the bankruptcy estate relating to the Debtor's medical practice or Debtor's bankruptcy to the Insurance Proceeds and thereby limit any recovery on such Claims to the Insurance Proceeds. The purpose of the Channeling Injunction is not to enjoin a party from seeking an interpretation of the Settlement Order, including the Settlement Agreement and Procedures approved by the Court under the Settlement Order. This Court always has authority to review and interpret its own orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders.") (citation omitted).[23] If the requested relief in the Chavez Motion were granted, Ms. Chavez would be paid solely from Insurance Proceeds, which is the purpose of the Channeling Injunction.

The relief requested in the Chavez Motion does not violate any of the three Channeling Injunction prohibitions quoted above. The Chavez Motion clearly is not a continuation of an existing, pending lawsuit. Nor does the relief requested seek any relief from the Debtor, the Chapter 7 Trustee, or the bankruptcy estate, other than interpretation of the Settlement Order, the Settlement Agreement, and the Procedures. Ms. Chavez was not required by the Channeling Injunction to seek declaratory relief against the claims administrator appointed under the

---

[23] *See also In re Steele Cattle, Inc.*, 39 F.3d 1192 (10th Cir. 1994) ("A bankruptcy court has jurisdiction and authority to order compliance with its own orders.") (unpublished) (citation omitted).

Settlement Agreement instead of filing the Chavez Motion. Nor does the Chavez Motion constitute an action against the bankruptcy estate barred by the Channeling Injunction. Ms. Chavez is not seeking to recover any money from the bankruptcy estate. Even though the Chapter 7 Trustee's opposition to the Chavez Motion and filing the Motion to Enforce and for Sanctions will cause the estate to incur administrative expenses, such result does mean that filing and prosecution of the Chavez Motion violated the Channeling Injunction. Finally, because none of the three Channeling Injunction prohibitions prohibits a party from filing a motion for relief from the Settlement Order under Fed.R.Civ.P. 60, made applicable to bankruptcy cases by Fed.R.Bankr.P. 9024, the Chavez Motion's alternative request to alter or amend the Settlement Order does not violate the Channeling Injunction. Such alternative request does, however, violate the express provisions of the Consent, as explained below.

Based on the foregoing, the Court concludes that the Chavez Motion does not violate the Channeling Injunction and will deny the Motion to Enforce and for Sanctions to the extent it seeks sanctions for violation of the Channeling Injunction. Further, even if the Chavez Motion violated the Channeling Injunction (which it does not), the Court has discretion to decline to award sanctions.[24] Under the circumstances, an award of sanctions it not appropriate.

    B. *Ms. Chavez's request for relief from the Settlement Order violates the Consent*

Ms. Chavez's alternative request for relief from the Settlement Order violates the Consent. By signing the Consent, Ms. Chavez "irrevocably waived" any right to seek a review or

---

[24] *See Johnston Environmental Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 620-21 (9th Cir. 1993) (an award of sanctions under the bankruptcy court's civil contempt powers is permissive and discretionary, not mandatory); *In re City of Detroit, Michigan*, 614 B.R. 255, 273 (Bankr E.D. Mich. 2020) (declining to award civil contempt damages for violation of a "Plan of Adjustment" injunction order previously entered by the court); *In re Mariner Post-Acute Network*, 329 B.R. 481, 488-89 (Bankr. D. Del. 2005) (declining to award contempt sanctions against former directors and officers of the corporation for actions that violated the discharge injunction).

relief from the Settlement Order. Consent, ¶ 3. A request for relief under Fed.R.Bankr.P. 9024, which makes Fed.R.Civ.P. 60 applicable in bankruptcy cases, is a request for relief from a final judgment or order. By including a request for relief from the Settlement Order pursuant to Fed.R.Bankr.P. 9024 (the "Rule 60 Relief"), Ms. Chavez seeks the exact relief she agreed she would not pursue.

Ms. Chavez asserts that because she requested relief from the Settlement Order as an alternative form of relief to be addressed by the Court only it if declined to grant the other two forms of relief requested, inclusion of her request for Rule 60 Relief does not violate the Consent. In other words, according to Ms. Chavez, because Rule 60 Relief is a conditional request, it cannot violate the Consent unless the Court is forced to address it. The Court disagrees.

The Consent contains an attorney's fee provision that entitles "any party . . . successful in enforcing the consent" to recovery of reasonable attorney's fees and costs. Consent, ¶ 11. Ms. Chavez withdrew the Chavez Motion, but only after the Chapter 7 Trustee responded to the Chavez Motion, filed the Motion to Enforce and for Sanctions, and prepared for and participated in the final evidentiary hearing. Withdrawal of the Chavez Motion after commencement of the final hearing does not excuse Ms. Chavez from application of the attorney's fees provision in the Consent. The Chapter 7 Trustee by opposing the Chavez Motion, filing the Motion to Enforce and for Sanctions, and preparing for and appearing at a final evidentiary hearing on the two motions, was successful in enforcing the Consent against Ms. Chavez.

Ms. Chavez's remaining arguments that the request for Rule 60 Relief is not contrary to the Consent are likewise unavailing. Ms. Chavez asserts that she should not be bound by the acknowledgment in the Consent that the Notices were sufficient if she signed the Consent based

on an insufficient notice. If Ms. Chavez believed that the Notices given in connection with the Court's entry of the Settlement Order was deficient, she should not have signed the Consent. Ms. Chavez cannot now complain that the Consent which acknowledges the sufficiency of the Notices excuses her from assessing the Notices before signing the Consent.

Ms. Chavez next appears to argue that her request for Rule 60 Relief falls within the Court's retained jurisdiction to enforce the Settlement Order. Enforcement of the Settlement Order is not the equivalent of granting relief from its application. Finally, Ms. Chavez attempts to characterize her requested Rule 60 Relief as a "minor adjustment" that merely asks the Court to conform the Settlement Order to the Notices. But even a "minor-but-impactful-to-her"[25] modification of the Settlement Order constitutes a request to change the Settlement Order. And a request to change the Settlement Order is precisely the type of reconsideration or review that the Consent prohibits. Inclusion of the request for Rule 60 Relief in the Chavez Motion violates the Consent.

    C. *The Chapter 7 Trustee is entitled to reasonable attorney's fees and costs attributable to the violation of the Consent*

The Court will award the Chapter 7 Trustee reasonable attorney's fees and costs incurred in connection with the Trustee's opposition to the Chavez Motion and the Trustee's Motion to Enforce and for Sanctions, but only to the extent the fees and costs are attributable to Ms. Chavez's violation of the Consent. The Court will direct the Chapter 7 Trustee to file a statement of attorney's fees and costs for all work performed in opposing the Chavez Motion and in filing and prosecuting the Motion to Enforce and for Sanctions, including itemized billing statements.

---

[25] Response in Opposition to Chapter 7 Trustee's Motion to Enforce (1) Medical Claims Settlement and Distribution Procedures and (II) Channeling Injunction and for Attorney's Fees and Costs, or in the Alternative, Sanctions ("Chavez Response"–Doc. 343), p. 16.

-10-

Case 19-10585-j7    Doc 367    Filed 04/27/22    Entered 04/27/22 16:59:47 Page 10 of 12

Upon review of the submission, the Court will determine a reasonable amount of fees and costs attributable to Ms. Chavez's violation of the Consent.

WHEREFORE, IT IS HEREBY ORDERED:

1. The Motion to Enforce and for Sanctions is GRANTED, in part, as follows:

    (a) Ms. Chavez's filing and prosecution of the Chavez Motion, which included the Request for Rule 60 Relief, violated the Consent to the extent it sought relief from the Settlement Order.

    (b) Ms. Chavez's filing and prosecution of the Chavez Motion did not violate the Channeling Injunction or otherwise violate the Consent.

    (c) The Chapter 7 Trustee is entitled to reasonable attorney's fees and costs attributable to Ms. Chavez's violation of the Consent by seeking Rule 60 Relief with respect to the Settlement Order. Determining that amount may involve an allocation of fees and expenses for legal services attributable both to Ms. Chavez's violation of the Consent and the relief Ms. Chavez sought that did not violate the Consent or the Channeling Injunction.

2. By May 10, 2022, counsel for the Chapter 7 Trustee shall file a Statement of Attorney's Fees and Costs, with attached itemized billing statements, for all work performed relating to the Chavez Motion and the Motion to Enforce and for Sanctions. The Chapter 7 Trustee should flag the billing entries for legal services it claims are attributable in whole or in part to Ms. Chavez's violation of the Consent

3. The Court will review the Statement of Attorney's Fees and Costs and enter a tentative ruling ("Tentative Ruling") awarding the Chapter 7 Trustee, reasonable attorney's fees and costs, with notice and an opportunity for parties to object. If no objections to the Tentative Ruling are filed, the Tentative Ruling will automatically become final without further notice or a hearing. If objections to the Tentative Ruling are timely filed, the Court will set a hearing.

4. The Motion to Enforce and for Sanctions is DENIED in all other respects.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 27, 2022

COPY TO:

Daniel A. White
Attorney for Chapter 7 Trustee
Askew & White, LLC
1122 Central Ave SW, Ste. 1
Albuquerque, NM 87102

Nephi Hardman
Former attorney for Lauren N. Chavez
Nephi D. Hardman Attorney at Law, LLC
9400 Holly Ave NE Bldg 4
Albuquerque, NM 87122

Richard W. Sutten
Attorney for Lauren Chavez
Sutten Law Group, LLC
4700 Lincoln Road NE
Albuquerque, NM 87109